UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) Civil No. |
| v. | ) |
| SECURITY CREDIT SERVICES, LLC, a limited liability company, and | ) |
| JACOB LAW GROUP, PLLC, a professional limited liability company, | ) |
| Defendants. | ) |

**STIPULATED FINAL JUDGMENT AND**
**ORDER FOR PERMANENT INJUNCTION**

Plaintiff, Federal Trade Commission ("FTC" or "Commission") commenced this civil action pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*, to obtain permanent injunctive and other equitable relief for Defendants' violations of

Section 5 of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. §§ 1692-1692p, in connection with the collection of consumer debts.

The FTC and Defendants Security Credit Services, LLC, and Jacob Law Group, PLLC, by and through their respective attorneys, have agreed to entry of this Stipulated Final Judgment and Order for Permanent Injunction ("Final Order") by this Court in order to resolve all claims between them in this action.

Being fully advised in the premises and acting upon the joint motion of the parties to enter this Final Order, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## FINDINGS

1. This court has jurisdiction over the subject matter of this case and personal jurisdiction over the parties.

2. The Complaint states a claim upon which relief may be granted against Defendants under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b, and the FDCPA, 15 U.S.C. §§ 1692-1692p.

3. Venue in the Northern District of Georgia is proper, pursuant to 28 U.S.C. §§ 1391(b)-(c), 1395(a), and 15 U.S.C. § 53(b).

4. The activities of the Defendants are or were in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. Plaintiff and Defendants, by and through their counsel, stipulate and agree to entry of this Final Order without trial or final adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint to the date of entry of this Final Order.

6. Defendants further waive all rights to seek judicial review or otherwise challenge or contest the validity of this Final Order and any claim that they may have against the Plaintiff, the Federal Trade Commission, its employees, representatives, or agents, including any claim under the Equal Access to Justice Act, 28 U.S.C. § 2412, amended by Pub. L. 104-121, 110 Stat. 847, 863- 64 (1996). Each party shall each bear their own costs and attorney's fees incurred in this action.

7. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Final Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

8. Entry of this Final Order is in the public interest.

## DEFINITIONS

1. **"Assisting others"** includes, but is not limited to: (a) performing customer service functions, including receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any debt collection materials, including, but not limited to, any debt collection script, debt collection marketing material, debt collection training material, debt collection communications, notices or form letters, or debt collection compliance monitoring materials.

2. **"Commission"** or **"FTC"** means the Federal Trade Commission.

3. **"Debt collection"** means any activity the principal purpose of which is to collect or attempt to collect, directly or indirectly, debts owed, or asserted to be owed, or due.

4. **"Defendants"** means Security Credit Services, LLC, and Jacob Law Group, PLLC, and their successors and assigns.

## I. INJUNCTION

**IT IS HEREBY ORDERED** that Defendants, their officers, agents, servants, employees, attorneys, and all other persons in active concert or

participation with any of them, who receive actual notice of this Final Order, whether acting directly or indirectly, in connection with collecting or attempting to collect debts, are permanently restrained and enjoined from:

1. Making any material misrepresentation or assisting others in making any material misrepresentation, expressly or by implication, to collect or attempt to collect a debt, including, but not limited to:

   a. Falsely representing that consumers are required to pay a fee; or

   b. Falsely representing that nonpayment of a debt will result in the filing of a lawsuit against the consumer;

2. Failing to disclose to consumers truthfully, clearly and prominently, and before the consumers agree to pay, that:

   a. A fee will be charged;

   b. The amount of the fee;

   c. The number of times the fee will be charged;

   d. The reason for the fee; and

   e. How consumers can avoid paying the fee;

    3.    Using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to:

        a.    Representing or implying that any action will be taken unless, at the time of the representation, such action is lawful and Defendants and the creditor intend to take such action; or

        b.    Representing or implying that any action may be taken unless Defendants can show that, at the time of the representation, there is a reasonable likelihood that such action will be taken.

## II.   MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A.    Judgment is hereby entered against Defendants, jointly and severally, in the amount of Seven Hundred Ninety Nine Thousand, Nine Hundred and Fifty Eight Dollars ($799,958.00), for the payment of equitable monetary relief, including, but not limited to, consumer redress and disgorgement, and for paying any attendant expenses of administration of any redress fund.

B.    In satisfaction of the judgment, Defendants shall pay to the FTC or its designated agent Seven Hundred Ninety Nine Thousand, Nine Hundred and Fifty Eight Dollars ($799,958.00), on or before the fourteenth day following entry of this Final Order by electronic fund transfer in accordance with the instructions provided by Plaintiff.

C.    In the event of any default in payment, which default continues for ten (10) days beyond the due date of the payment, the entire unpaid amount, together with interest, as computed pursuant to 28 U.S.C. § 1961 from the date of default to the date of payment, shall immediately become due and payable.

D.    All funds paid to the Commission pursuant to this Section shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for administration of such equitable relief fund.  Defendants will cooperate fully to assist the Commission in identifying consumers who may be entitled to redress pursuant to this Final Order.  If the Commission determines, in its sole discretion, that redress to consumers is wholly or partially impracticable, or funds remain after redress is completed, the Commission may apply any remaining funds for any other equitable relief (including consumer information

remedies) that it determine to be reasonably related to the practices alleged in the Complaint. Any funds not used for this equitable relief shall be deposited into the U.S. Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies or the manner of distribution chosen by the Commission.

E. Proceedings initiated hereunder are in addition to, and not in lieu of, any other civil or criminal penalties that may be provided by law, including any other proceedings the Plaintiff may initiate to enforce this Final Order.

## III. BANKRUPTCY PROVISIONS FOR MONETARY RELIEF SECTION OF ORDER

**IT IS FURTHER ORDERED** that:

A. Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

B. Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any

payment or money judgment pursuant to this Final Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Final Order shall have collateral estoppel effect for such purposes.

## IV. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Final Order:

A. Each Defendant, within seven (7) days of entry of this Final Order, must submit to the Commission an acknowledgment of receipt of this Final Order sworn under penalty of perjury.

B. For five (5) years after entry of this Final Order, each Defendant must deliver a copy of this Final Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in debt collection; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven (7) days of entry of this Final Order for current personnel. To all others,

delivery must occur before they assume their responsibilities.

    C.    From each individual or entity to which a Defendant delivered a copy of this Final Order, that Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Final Order.

## V. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

    A.    One year after entry of this Final Order, each Defendant must submit a compliance report, sworn under penalty of perjury. Each Defendant must: (1) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with Defendant; (2) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (3) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (4) describe in detail whether and how that Defendant is in compliance with each Section of this Final Order; and (5) provide a copy of each Order Acknowledgment obtained pursuant to this Final Order,

unless previously submitted to the Commission;

 B. For five (5) years following entry of this Final Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following: (1) any designated point of contact; or (2) the structure of Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Final Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Final Order.

 C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within fourteen (14) days of its filing.

 D. Any submission to the Commission required by this Final Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Security Credit Services, LLC and Jacob Law Group, PLLC*, Matter No. 123175.

## VI.  RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for five (5) years after entry of the Final Order, and retain each such record for five (5) years. Specifically, Defendants, in connection with the collection of debts, must maintain the following records:

A.  Accounting records showing that reflect the revenues generated in connection with the collection of debts, including any fees charged to consumers, all costs incurred in generating those revenues, the disbursement of such revenues, and the resulting net profit or loss;

B.  Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and

telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

 C. Consumer files containing the names, addresses, phone numbers, dollar amounts of debt owed, records of collection activity, and amounts collected;

 D. Complaints and refund requests, whether received directly or indirectly, such as through a third party, that include:

  1. Any complaint and the date received, and the nature of the complaint as reflected in any notes, logs, or memoranda, including a description of the conduct alleged; and

  2. The basis of the complaint, including the names of any debt collectors or supervisors complained about; the nature of any investigation conducted concerning the validity of any complaint;

  3. All documents relating to the disposition of the complaint, including records of all contacts with the consumer, Defendant's response(s) to the complaint and the response date, whether the complaint was resolved, the date of resolution, and any action taken to correct the conduct complained about;

E.    Copies of all scripts, training materials, form letters and emails, or other materials used in connection with communicating to consumers;

F.    Copies of all advertisements and other marketing materials; and

G.    All records necessary to demonstrate full compliance with each provision of this Final Order, including all submissions to the Commission.

## VII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Final Order:

A.    Within fourteen (14) days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Final Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.   The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Final Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Final Order.

**DONE AND ORDERED** in Chambers in Atlanta, Fulton County, Georgia this 19th day of March, 2013.

s/ CLARENCE COOPER
_____
United States District Judge

STIPULATED AND AGREED TO:

For the Plaintiff:

*/s/ Chris M. Couillou*
CHRIS COUILLOU
Georgia Bar: 190062
Email: ccouillou@ftc.gov

DAMA J. BROWN
Email: dbrown1@ftc.gov

225 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30303
Telephone: (404) 656-1361
Facsimile: (404) 656-1379

Attorneys for Plaintiff
**Federal Trade Commission**

For the Defendants:

_____
**Security Credit Services, LLC**
By Its: Managing Member
WILLIAM ALIAS III

_____
**Jacob Law Group, PLLC**
By Its: Managing Member
MICHAEL JACOB

*[signature]*

**ANTHONY E. DIRESTA**
Georgia Bar No. 222675
Email: adiresta@winston.com

Winston & Strawn, LLP
1700 K Street, N.W.
Washington D.C., 20006
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Attorney for Defendants
**Security Credit Services, LLC**
**Jacob Law Group, PLLC**